IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL YESHIAMBEL,

        **Plaintiff,**

        v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, et al.,

        **Defendants.**

Case No. 22-CV-1128-JAR-ADM

## MEMORANDUM AND ORDER

Plaintiff Michael Yeshiambel seeks judicial review of the denial of his application for naturalization 1) pursuant to 8 U.S.C. § 1421(c), and 2) pursuant to the Administrative Procedures Act, 5 U.S.C. § 701–706 ("APA"). This matter comes before the Court on the Motion to Dismiss Complaint Under Fed. R. Civ. P. 12(b)(1) and (6) filed by Defendants the United States Citizenship and Immigration Services ("USCIS"); the United States Department of Homeland Security ("DHS"); Merrick Garland, United States Attorney General; Alejandro Mayorkas, Secretary of DHS; Ur Jaddou, Director of USCIS; Susan Curda, Director of USCIS Central Region District; and Dawn Evans, Field Office Director of USCIS, Wichita (Doc. 7). In his response, Plaintiff acknowledges that his APA claim must be dismissed.[1] In their reply, Defendants move for judgment on the pleadings under Rule 12(c). The matter is fully briefed, and the Court is prepared to rule. For the reasons explained below, the Court dismisses Plaintiff's APA claim, denies Defendants' Rule 12(c) motion as premature, and denies Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's § 1421(c) claim.

---

[1] Doc. 9 at 2.

**I.      Background**

Plaintiff, a native and citizen of Ethiopia, is a lawful permanent resident of the United States after having been granted asylum on March 4, 2013.  He lives and works in Wichita, Kansas.  On May 9, 2021, Plaintiff filed an N-400, Application for Naturalization.  The USCIS denied Plaintiff's application on January 25, 2022, on the basis that he lacked the requisite good moral character in the five years preceding the filing of the N-400.  The USCIS noted that Plaintiff had one conviction during the relevant period for "Violate Drivers License Restriction" in violation of Section 3114-1142010A of the Code of Ordinances of the City of Wichita.  Plaintiff paid a fine and court costs for this offense.  The USCIS also cited other dismissed charges and a Driving Under the Influence ("DUI") charge from August 25, 2013.

Plaintiff timely filed a request for a hearing on the denial, where he argued that dropped charges are not relevant for the good moral character analysis, the DUI was not relevant because it was outside the five-year statutory period and he successfully completed diversion, that a single conviction for violating a driver's license restriction could not vitiate his overwhelming good moral character, and that no case has ever held that such a single, minor offense negates good moral character.  The USCIS denied his appeal.

**II.     Standard**

**A.      Judicial Review Under 8 U.S.C. § 1421(c)**

The naturalization process is governed by the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1421(c), and its corresponding regulations.  The district court reviews the administrative decision to deny naturalization de novo and "shall make its own findings of fact and conclusions of law."[2]  The district court is not limited to the administrative record in this

---

[2] 8 U.S.C. § 1421(c).

2

context under this standard of review.[3] The Tenth Circuit has noted that "[t]his grant of authority is unusual in its scope [because] rarely does a district court review an agency decision de novo and make its own findings of fact."[4] The Federal Rules of Civil Procedure apply to proceedings for admission to citizenship.[5]

### B. Rule 12(b)(6) and 12(c)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above a speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] "[T]he complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[7] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully but requires more than "a sheer possibility."[8] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[9] Finally, the Court must accept the plaintiff's factual allegations as true, view those facts in the light most favorable to the plaintiff, and assess whether they give rise to a reasonable inference that the defendant is liable in light of the applicable law.[10] "

---

[3] *See Aparicio v. Blakeway*, 302 F.3d 437, 445 (5th Cir. 2002) ("Judicial review of naturalization denials is always available and is de novo, and is not limited to any administrative record but rather may be on facts established in and found by the district court de novo.")

[4] *Nagahi v. INS*, 219 F.3d 1166, 1169 (10th Cir. 2000).

[5] Fed. R. Civ. P. 81(a)(3).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[10] *See Mayfield v. Bethards*, 826 F.3d 1252, 1255 (10th Cir. 2016).

The Supreme Court has explained the analysis as a two-step process. First, the court must determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[11] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[12] "A claim has facial plausibility when Plaintiff pleads factual content that allows the court to draw the reasonable inference that Defendant is liable for the misconduct alleged."[13]

Courts evaluate a Rule 12(c) motion using the same standard used to evaluate a motion to dismiss under Rule 12(b)(6).[14] The court can grant a motion for judgment on the pleadings only when the factual allegations in the complaint fail to "state a claim to relief that is plausible on its face."[15]

### III.  Analysis

Because Plaintiff acknowledges that his APA claim must be dismissed under Rule 12(b)(1), the Court turns to Defendants' motion under Rule 12(b)(6) regarding Plaintiff's § 1421(c) claim. Defendants first argue that Plaintiff's complaint does not meet the requisite standard under Rule 12(b)(6) because 1) he has failed to adequately plead extenuating circumstances relating to his unlawful act, and 2) his claims rest upon conclusory allegations that do not meet the requisite standard. Plaintiff contests that he needs to plead the existence of valid extenuating circumstances for his commission and conviction of an unlawful act during the five-

---

[11] *Iqbal*, 556 U.S. at 679.

[12] *Id.*

[13] *Id.* at 678.

[14] *Borde v. Bd. of Cty. Comm'rs*, 514 F. App'x 795, 799 (10th Cir. 2013) (citing *Atl. Richfield Co. v. Farm Credit Bank*, 226 F.3d 1138, 1160 (10th Cir. 2000)).

[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

year lookback period, and he clarifies that he only seeks review of the "threshold determination" of whether his unlawful act reflects adversely upon his moral character. Plaintiff contends that Defendants misapprehend his argument, that he has validly pleaded all elements of his naturalization claim and, if the Court disagrees, he seeks leave to amend his complaint. In their reply, Defendants assert a new argument and seek dismissal on the pleadings based on Plaintiff's reframed § 1421(c) claim and contend that Plaintiff's conviction for driving without a valid driver's license is an unlawful act that reflects adversely on his moral character as a matter of law.

A naturalization applicant bears the burden of showing his eligibility and compliance with all naturalization requirements.[16] Any doubts about eligibility "should be resolved in favor of the United States and against the claimant."[17] The burden requires the applicant to prove, by a preponderance of the evidence, that he meets all of the requirements for naturalization and is thus eligible to become a citizen of the United States.[18] The requirement at issue in this case is that the applicant show he "has been and still is a person of good moral character" during the relevant period.[19]

Although not defined in the INA, 8 U.S.C. § 1101(f) provides various classes of persons who per se lack good moral character.[20] Defendants do not assert that Plaintiff falls into any of these enumerated classes. The INA also includes a catchall provision that allows for an adverse character finding based on "other reasons."[21] "[E]ven if a person does not fit within one of the

---

[16] *Berenyi v. Dist. Dir., INS*, 385 U.S. 630, 637 (1967); 8 C.F.R. § 316.2(b).

[17] *Berenyi*, 385 U.S. at 637 (citation omitted).

[18] *Id.* at 361; 8 C.F.R. § 316.2(a)(7).

[19] 8 U.S.C. § 1427(a)(3).

[20] 8 U.S.C. § 1101(f) (ranging from "habitual drunkard[s]" to persons "engaged in . . . Nazi prosecution").

[21] *See id.*

enumerated classes, that does 'not preclude a finding that for other reasons such person is or was not of good moral character.'"²² If a person does not fit within one of the enumerated classes, he must nevertheless be found, in the absence of "extenuating circumstances," to "lack good moral character if, during the statutory period," he "[c]ommitted unlawful acts that adversely reflect upon [his] moral character, or [he] was convicted or imprisoned for such acts."²³ This determination is evaluated "on a case-by-case basis taking into account the . . . standards of the average citizen in the community of residence."²⁴ And "[e]ven if the [applicant's] conduct does not qualify as a crime involving moral turpitude (CIMT), he may still be found to lack good moral character."²⁵

Defendants contend that no further development of this case is needed for the Court to determine that Plaintiff's unlawful act of driving with a suspended license is one that reflects adversely upon his moral character. They argue that because Plaintiff is apparently foregoing the rebuttal showing of "extenuating circumstances," there should be no question that his willful violation of his suspended driving privileges is inconsistent with the standards of the average Kansas citizen and a willful disregard for the law. The Court disagrees.

First, as a procedural matter, Defendants have not filed an answer because they pursued dismissal under Rule 12(b). Rule 12(c) states that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Thus, the

---

²² *United States v. Hsu*, 695 F. App'x 393, 396 (10th Cir. 2017) (quoting 8 U.S.C. § 1101(f)).

²³ 8 C.F.R. § 316.10(b)(3)(iii).

²⁴ *Id.* § 316.10(a)(2).

²⁵ *Hsu*, 695 F. App'x at 396 (citing 8 C.F.R. § 316.10(b)(3)(iii)).

pleadings are not closed for purposes of a Rule 12(c) motion, and the Rule 12(c) motion raised in the reply is denied as premature.[26]

Moreover, Defendants do not assert that there is a legal barrier to Plaintiff's eligibility for citizenship.[27] Defendant's motion for judgment on the pleadings would require this Court to find that Plaintiff's violation of his suspended driving privileges conviction precludes a finding of good moral character. Because driving with a suspended license is not among the enumerated bars to a finding of good moral character in § 1101(f), it is an "unlawful act" to be evaluated by engaging in a case-specific analysis. Thus, the Court should not end its analysis with the nature of Plaintiff's unlawful conduct, but it must look to the facts pleaded for a case-by-case assessment of Plaintiff's naturalization application.[28]

Here, Plaintiff asserts that his single unlawful act during the relevant time period—violating a driver's license restriction—does not adversely reflect on his moral character and is not adverse enough to require that extenuating circumstances by shown. He alleges that individuals with convictions for DUI are regularly approved for naturalization and sets forth facts indicating his good moral character, including his gainful employment, his exemplary record as a student at Wichita State University, and his investment in the community.[29]

---

[26] *See MWCB Rock Rd., LLC v. C & W Facility Servs., Inc.*, No. 21-1022-SAC-GEB, 2022 WL 168221, at *2 (D. Kan. Jan. 19, 2022) (citing *Santa Fe All. for Pub. Health and Safety v. City of Santa Fe*, 993 F.3d 802, 809 n.3 (10th Cir. 2021)); *see also Gorenc v. Klaassen*, No. 18-2403-DDC-JPO, 2019 WL 2523566, at *2 (D. Kan. June 19, 2019) (collecting cases holding that pleadings are not "closed" until all defendants file an answer).

[27] *See, e.g.*, *Guzman Salguero v. Nielsen*, 776 F. App'x 956, 957 (9th Cir. 2019) (dismissing § 1421(c) complaint because the plaintiff had committed an aggravated felony, which is an absolute bar to citizenship); *Baginski v. Wilkinson*, 516 F. Supp. 3d 234, 236–37 (E.D.N.Y. 2021) (granting motion to dismiss § 1421(c) claim where plaintiff was in removal proceedings, rendering him statutorily ineligible for citizenship).

[28] *See Haciosmanoglu v. Tritten*, No. 21-2584, 2022 WL 781047, at *2–3 (8th Cir. Mar. 15, 2022) (reversing the grant of government's motion to dismiss on the ground that the plaintiff failed to establish good moral character as required by 8 U.S.C. § 1427(a) because the district court did not engage in a case-specific analysis and instead treated the plaintiff's unlawful conduct as a bar to naturalization as a matter of law).

[29] Doc. 1 ¶¶ 30–32.

Accepting the factual allegations as true, and considering this Court's obligation to conduct a de novo review and make its own findings of fact and conclusions of law, Plaintiff's complaint contains allegations sufficient to plausibly allege, at the pleadings stage, he is a person of good moral character and is entitled to naturalization.[30]  Accordingly, the Court declines to dismiss Plaintiff's § 1421(c) claim as a matter of law at this early stage of the proceedings.[31]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 7) is **granted in part and denied in part**.  Plaintiff's APA claim is dismissed for lack of jurisdiction pursuant to Rule 12(b)(1).  Defendant's Rule 12(c) motion for judgment on the pleadings on Plaintiff's claim under 8 U.S.C. § 1421(c) is denied as premature and their Rule 12(b)(6) motion for failure to state a claim is also denied.

**IT IS SO ORDERED.**

Dated: October 26, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[30] *But see Thu Ngoc Luong v. Barrows*, No. 17-cv-00756-KMT, 2018 WL 1242007, at *3 (D. Colo. Mar. 9, 2018) (granting the government's motion to dismiss without prejudice to amend to allege facts in support of claim under 8 U.S.C. § 1421(c) that decision by INA that plaintiff lacks good moral character is factually and legally incorrect).

[31] As Plaintiff points out, claims seeking de novo review of naturalization are routinely decided on summary judgment.  *See, e.g.*, *United States v. Hsu*, 695 F. App'x 393, 398 (10th Cir. 2017) (affirming the grant of the government's motion for summary judgment and revoking Hsu's naturalization); *Dar v. Olivares*, 956 F. Supp. 2d 1287, 1292 (N.D. Okla. 2013) (explaining "[f]ederal courts have concluded that the summary judgment process under Rule 56 is applicable to proceedings under 8 U.S.C. § 1421(c) for de novo district court review of denial of an application for naturalization.") (collecting cases).